IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.   8:09CR126 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | MEMORANDUM |
| | ) | AND ORDER |
| ANSU ABRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 93) filed by the Defendant, Ansu Abraham, through pro hac vice counsel Glenn Seiden.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

## FACTUAL BACKGROUND

Abraham pleaded guilty to Count I of an Information that charged him with possessing with intent to distribute less than 500 grams of a mixture or substance containing cocaine.

Abraham signed his plea petition under oath, stating: he was satisfied with the performance of his attorney, Richard Calkins, and he had no objections to his legal representation; he was voluntarily pleading guilty; no attorney or agent of the government suggested he would receive a lighter sentence or leniency in exchange for his guilty plea;

and he was pleading guilty for no reason other than his guilt.  (Filing No. 60.)  Abraham's answers given under oath at his change of plea hearing corroborated the answers in his petition.  (Filing No. 64.)

Abraham timely filed his § 2255 motion, arguing: his attorney was ineffective in failing to advise him of the immigration consequences of pleading guilty.

## DISCUSSION

In order to establish ineffective assistance of counsel, Abraham must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984).  The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment.  *Id.* at 687-89.  The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense.  *Id.* at 687.  The Court concludes that the government should answer this claim.

The United States must respond to the Defendant's claim by filing an Answer.  In addition to any other issues raised in the Answer, the United States shall address whether the defendant's § 2255 claim is barred by procedural default, waiver, or untimeliness.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 motion") (Filing No. 93);

      2.      Upon initial review, the Court finds that summary dismissal of the Defendant's § 2255 motion is not required;

      3.      On or before May 23, 2011, the United States shall file an Answer to the defendant's § 2255 motion and support its Answer with a brief; and

      4.      On or before June 23, 2011, the Defendant may file a responsive brief.

DATED this 21st day of April, 2011.

                                                    BY THE COURT:

                                                    s/Laurie Smith Camp
                                                    United States District Judge